JDN

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Felipe Gomez,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>　　　　Defendant. | No. CV 05-4201-PHX-DGC (DKD)<br><br>**ORDER** |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff is an inmate at the Durango Jail in Phoenix, Arizona. The Court will require an answer to the Complaint.

**A.    Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of **$250.00** for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1).

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

1  Plaintiff will be obligated for monthly payments of 20 percent of the preceding
2 month's income credited to Plaintiff's trust account. The Court will direct the appropriate
3 agency to collect these monthly payments, which will be forwarded to the Clerk of Court
4 each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
5 28 U.S.C. § 1915(b)(2). Plaintiff should take notice that if he is released before the filing fee
6 is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days
7 of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120
8 days of the date of his release, the action will be dismissed, unless Plaintiff shows good
9 cause, in writing, why he is unable to pay the remainder of the filing fee.

10 **B.**     **Statutory Screening of Prisoner Complaints**

11  The Court is required to screen complaints brought by prisoners seeking relief
12 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
13 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
14 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
15 may be granted, or that seek monetary relief from a defendant who is immune from such
16 relief. 28 U.S.C. § 1915A(b)(1), (2).

17 **C.**     **Complaint**

18  Plaintiff's Complaint concerns his confinement at both the Durango and Madison
19 Jails in Phoenix, Arizona. In his Complaint Plaintiff alleges that the jails are severely
20 overcrowded, the living conditions are unsanitary, and he often receives spoiled and
21 improperly prepared food. He claims that he has suffered respiratory and digestive viruses,
22 staph infection, strep throat, anxiety, spider bites, continuous colds, headaches, stress,
23 and vision problems. Plaintiff further alleges that Defendant Joseph Arpaio, the Maricopa
24 County Sheriff, is liable because he maintains the procedures at the jail. These allegations
25 adequately state a claim, and the Court will require an answer to the Complaint.

26  Throughout his Complaint, Plaintiff refers to <u>Hart v. Hill</u>, No. CIV 77-0479-PHX-EHC
27 (MS) (D. Ariz.), claiming that the conditions of his confinement violate an Amended
28 Judgment in that action. Jurisdiction to enforce the judgment is retained by the court

TERMPSREF

- 2 -

1 which entered it. <u>Jeff D. v. Kempthorne</u>, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights
2 action is not the proper means by which to enforce the decree. <u>Cagle v. Sutherland</u>, 334
3 F.3d 980, 986 (11th Cir. 2003); <u>Klein v. Zavaras</u>, 80 F.3d 432, 435 (10th Cir. 1996); <u>DeGidio
4 v. Pung</u>, 920 F.2d 525, 534 (8th Cir. 1990); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1122-23 (5th
5 Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983
6 claim for damages because such orders do not create "rights, privileges, or immunities
7 secured by the Constitution and laws." <u>Green</u>, 788 F.3d at 1123-24. Remedial decrees are
8 the means by which unconstitutional conditions are corrected but they do not create or
9 enlarge constitutional rights. <u>Id.</u> at 1123. To the extent Plaintiff seeks to enforce <u>Hart v.
10 Hill</u>, his claim is not properly brought in this action. Instead, his allegations must
11 separately state a violation of a constitutional right. At this juncture, as described *supra*,
12 Plaintiff's allegations do state a claim for a constitutional violation.

13 **D.    Rule 41 Cautionary Notice**

14 Plaintiff should take notice that if he fails to timely comply with every provision of
15 this Order, or any order entered in this matter, this action will be dismissed pursuant to
16 Rule 41(b) of the Federal Rules of Civil Procedure. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,
17 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order
18 of the Court).

19 **IT IS THEREFORE ORDERED that:**

20 (1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted. Plaintiff is
21 obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed no
22 initial partial filing fee.

23 (2) The Maricopa County Sheriff or his designee shall collect the filing fee from
24 Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent
25 of the preceding month's income credited to Plaintiff's trust account and forwarding the
26 payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in
27 accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the
28 name and number assigned to this action.

1  (3) The Clerk of Court shall send Plaintiff a service packet including the Complaint,
2 this Order, and both summons and request for waiver forms for Defendant Arpaio.

3  (4) Plaintiff shall complete and return the service packet to the Clerk of Court within
4 20 days of the date of filing of this Order. The United States Marshal will not provide
5 service of process if Plaintiff fails to comply with this Order.

6  (5) If Plaintiff does not either obtain a waiver of service of the summons or complete
7 service of the Summons and Complaint on each Defendant within 120 days of the filing of
8 the complaint or within 60 days of the filing of this Order, whichever is later, the action may
9 be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules
10 of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure.

11  (6) The United States Marshal shall retain the Summons, a copy of the Complaint,
12 and a copy of this Order for future use.

13  (7) The United States Marshal shall notify Defendant of the commencement of this
14 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
15 Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The
16 Marshal shall file waivers of service of the summons or requests for waivers that were
17 returned as undeliverable as soon as they are received. If a waiver of service of summons
18 is not returned by a Defendant within thirty days from the date the request for waiver was
19 sent by the Marshal, the Marshal shall:

20  (a) Personally serve copies of the Summons, Complaint, and this Order upon
21  the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

22  (b) Within 10 days after personal service is effected, file the return of service
23  for the Defendant, along with evidence of the attempt to secure a waiver of service
24  of the summons and of the costs subsequently incurred in effecting service upon
25  the Defendant. The costs of service shall be enumerated on the return of service
26  form (USM-285) and shall include the costs incurred by the Marshal for
27  photocopying additional copies of the Summons, Complaint, or this Order and for
28  preparing new process receipt and return forms (USM-285), if required. Costs of

TERMPSREF

- 4 -

1 service will be taxed against the personally served defendant pursuant to Rule
2 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by
3 the Court.

4 (8) **A Defendant who agrees to waive service of the Summons and Complaint shall**
5 **return the signed waiver forms to the United States Marshal, not the Plaintiff.**

6 (9) Defendant shall answer the Complaint or otherwise respond by appropriate
7 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
8 Rules of Civil Procedure.

9 (10) Any answer or responsive pleading shall state the specific Defendant(s) by
10 name on whose behalf it is filed. The Court may strike any answer, responsive pleading,
11 or other motion or paper that does not identify the specific Defendant(s) by name on
12 whose behalf it is filed.

13 (11) Plaintiff shall serve upon Defendant, or if appearance has been entered by
14 counsel, upon counsel, a copy of every further pleading or other document submitted for
15 consideration by the Court. Plaintiff shall include with the original document and copy, to
16 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
17 the pleading or document was mailed to Defendant or counsel. Any paper received by a
18 District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
19 may be disregarded by the Court.

20 (12) At all times during the pendency of this action, Plaintiff shall immediately advise
21 the Court and the United States Marshal of any change of address and its effective date.
22 Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall
23 contain only information pertaining to the change of address and its effective date.
24 Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not
25 include any motions for any other relief. Failure to file a Notice of Change of Address may
26 result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the
27 Federal Rules of Civil Procedure.

28

(13)   A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(14)   This matter is referred to Magistrate Judge David K. Duncan pursuant to Rule 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 26th day of January, 2006.

David G. Campbell
United States District Judge

TERMPSREF

- 6 -